# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1672
No. 04-1745

———————

| | | |
|---|---|---|
| St. John's Mercy Medical Center, | * | |
| | * | |
| Plaintiff - Appellee/ | * | |
| Cross Appellant, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| John Delfino, M.D., | * | |
| | * | |
| Defendant - Appellant/ | * | |
| Cross Appellee. | * | |

———————

Submitted: January 12, 2005
Filed: July 12, 2005

———————

Before LOKEN, Chief Judge, HANSEN and MURPHY, Circuit Judges.

———————

LOKEN, Chief Judge.

Oral surgeon John Delfino appeals the portion of a judgment that partially vacates a favorable arbitration award. St. John's Mercy Medical Center ("St. John's") cross-appeals the portion that confirms the remainder of the award. The issue in both appeals is whether the arbitrator's decision evidences manifest disregard for law. Applying the deferential standard of review mandated by the Federal Arbitration Act, 9 U.S.C. § 10, we confirm the arbitrator's award in its entirety.

# I.

An employment agreement between St. John's and Delfino provided that St. John's would indemnify Delfino for "defense costs . . . arising out of . . . professional services and obligations . . . described in this Agreement." Another St. John's physician, Arthur Misischia, served as Delfino's assistant director. Delfino and Misischia entered into a separate agreement relating to their private practice. In 1993, St. John's terminated Misischia, and Delfino terminated the separate agreement. Misischia sued St. John's, Delfino, and Delfino's personal corporation, Delfino, P.C., alleging various tort claims, including a claim of fraud against Delfino and Delfino, P.C. relating to the separate agreement.

In October 1995, St. John's General Counsel wrote a letter "to reflect the understandings" reached at a meeting between St. John's and Delfino: St. John's accepted Delfino's tender of his defense; St. John's agreed to indemnify Delfino (but not Delfino, P.C.) for all of Misischia's claims except the fraud claim; St. John's would control the defense and retain counsel to represent Delfino; and Delfino would cooperate in the defense. St. John's retained a law firm to represent Delfino; Delfino retained the law firm of Lewis, Rice & Fingersh, L.C. ("Lewis, Rice") to separately represent Delfino and Delfino, P.C. on the unindemnified claims. Two years later, when Delfino and St. John's parted company, they entered into an Employment Separation and Release Agreement providing that St. John's would defend and indemnify Delfino in the pending Misischia case in accordance with the General Counsel's letter. The Agreement provided that it was governed by Missouri law and that all disputes "shall be settled exclusively by binding arbitration" under the arbitration rules of the American Health Lawyers Association.

The state trial court dismissed all of Misischia's claims against St. John's on the eve of trial. St. John's informed Delfino that it would not pay Delfino's legal expenses in defending the remaining claims because he was now "unindemnified."

Delfino retained Lewis, Rice to defend Delfino and Delfino, P.C. at trial. The jury found in favor of Misischia on the fraud claim. Delfino demanded that St. John's pay nearly $1,500,000 in sundry fees and expenses, including all of Lewis, Rice's fees for its defense of Delfino and Delfino P.C. St. John's refused to pay, and the matter proceeded to arbitration. The arbitrator concluded that St. John's breached its duty to defend by refusing to reimburse Delfino for defense costs incurred after St. John's was dismissed one month before trial. The arbitrator awarded Delfino $215,480.82 for fees paid to Lewis, Rice for services prior to the breach, and $359,861.55 for fees paid for Lewis, Rice services after the breach. The latter amount reflected a 25% discount to account for post-breach work performed exclusively on the unindemnified fraud claim. Thus, the total award was $575,342.37.

St. John's urged the arbitrator to reduce the award by $215,480.82, arguing that reimbursing Delfino for legal services prior to St. John's breach was inconsistent with the arbitrator's ruling that Delfino was not entitled to reimbursement for his defense of unindemnified claims. The arbitrator refused to modify the award, explaining:

> [St. John's] makes an excellent point . . . . [St. John's] must take responsibility, however, for its termination of its indemnification approximately one month before the scheduled trial date. . . . Had Lewis, Rice not been engaged and involved in the litigation previously, it would have been necessary for that firm to go back and relearn all of the events which had transpired previously in the lawsuit.

St. John's then petitioned the district court to vacate the award under the Federal Arbitration Act. Delfino moved to confirm. St. John's argued that the arbitrator manifestly disregarded the law by awarding damages for expenses incurred prior to the breach. Applying Missouri law, the district court agreed, concluding that the arbitrator had violated "one of the most bedrock principles of contract law," namely, that the purpose of contract damages "is to restore the plaintiff to the position he would have enjoyed had the defendant not breached the contract." Therefore, the

district court vacated that portion of the award. However, the court rejected St. John's contention that the arbitrator manifestly disregarded the law by awarding Delfino damages for post-breach expenses paid by Delfino, P.C. and confirmed the award of $359,861.55 for Lewis, Rice's post-breach services. Both parties appeal.

## II.

Our review of an arbitration award under the Federal Arbitration Act is exceedingly limited and deferential. Section 10(a) of the Act provides four statutory grounds for vacating an award, none of which is at issue in this case. In addition, drawing on dicta in two Supreme Court cases, this court and most other circuits have said that an award may be vacated if it "evidences manifest disregard for law." Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998) (quotation omitted). However, while we have frequently referred to this doctrine, we have emphasized that it is "extremely narrow." Hoffman v. Cargill, Inc., 236 F.3d 458, 461 (8th Cir. 2001). In the only reported decision where we granted relief on this ground, we held that, "[w]here an arbitration panel cites relevant law, then proceeds to ignore it, it is said to evidence a manifest disregard for the law." Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1069 (8th Cir. 2003). That holding states the limits of the doctrine in this circuit. Thus, St. John's "bears the burden of proving that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." Stark v. Sandberg, Phoenix & Von Gontard, 381 F.3d 793, 802 (8th Cir. 2004).[1]

---

[1]Other circuits have likewise emphasized that manifest disregard is "a doctrine of last resort" reserved for "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004). For a useful debate over whether the doctrine should be further restricted or abandoned entirely, see the two opinions in George Watts & Son, Inc. v. Tiffany and Co., 248 F.3d 577 (7th Cir. 2001).

St. John's argues, and the district court agreed, that the arbitrator's award evidences manifest disregard for the "controlling legal principle" that "only those costs and expenses that occur because of a breach can be recovered as damages for a breach." We emphatically disagree. In the first place, the arbitrator did not cite this relevant law and then ignore it, so the manifest disregard doctrine as defined by this court does not apply. St. John's argues that we should expand the doctrine to include an award that violates a legal principles that is "so obvious and readily identifiable that a lawyer of twenty years experience should know it without having to be told." We refuse to do so, mindful of the strong federal policy favoring certainty and finality in arbitration.

Moreover, even if the arbitrator's decision had noted this principle of contract law, his award does not reflect its manifest disregard. The arbitrator found that the timing of St. John's breach -- one month before trial -- increased the damages caused by the breach. St. John's does not, and could not, challenge that logical finding. The arbitrator then measured this incremental damage by the fees charged by Lewis, Rice prior to the breach, finding this to be a reasonable estimate of the fees a new lawyer hired after the breach would have charged to become sufficiently familiar with the protracted Misischia litigation to effectively try the case. The arbitrator's task was to resolve a dispute over St. John's contractual duty to reimburse Delfino for all "costs," as broadly defined in the Separation Agreement, arising out of "the Misischia Matter." It was clearly within his remedial authority to estimate in this manner the incremental damages caused by the untimely nature of the breach. See Rule 6.06 of the American Health Lawyers Association arbitration rules ("arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the arbitration agreement of the parties"). As the Supreme Court emphasized in a related context:

> where it is contemplated that the arbitrator will determine remedies for
> contract violations he finds, courts have no authority to disagree with his

honest judgment in that respect . . . . [A]s long as the arbitrator is even arguably acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.

United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987). The district court erred in substituting its remedial judgment for that of the arbitrator.

In the cross appeal, St. John's argues that the entire award must be vacated because it evidences manifest disregard for the principle of Missouri corporate law that a shareholder has no "standing" to recover damages suffered solely by the corporation. This argument is, in a word, frivolous -- so contrary to arbitration law, corporate law, contract law, the governing agreements, and common sense that it warrants no further discussion.

For the foregoing reasons, the judgment of the district court is reversed in part and the case is remanded with directions to enter an order confirming the arbitrator's award in its entirety.

_____