# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2552

_____

MX, Inc.,      *
     *
         Appellee,      *
     *
     *    Appeal from the United States
     v.      *    District Court for the Western
     *    District of Missouri.
Zotec Solutions, Inc.,      *
     *    [UNPUBLISHED]
         Appellant.      *

_____

Submitted: December 15, 2005
Filed: January 30, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

MX, Inc. ("MX"), and Zotec Solutions, Inc. ("Zotec"), entered into a written contract whereby MX agreed to sell its assets in an accounts receivable management service business to Zotec. The contract contained an arbitration clause, and when a dispute developed concerning alleged breaches of the contract and alleged fraud, the parties submitted the matter to arbitration. The arbitrator found in favor of MX and ordered Zotec to pay $23,000 plus interest for the balance of the purchase price, $128,959.30 for MX's share of unpaid "renewal revenues," and $70,922.70 in attorneys' fees, arbitration fees, and other amounts associated with the arbitration.

MX filed an action in the district court, seeking an order affirming the arbitration award and ordering Zotec to pay the amounts decreed by the arbitrator. The district court, applying the Federal Arbitration Act, 9 U.S.C. § 10(a), affirmed the award, finding that "Zotec has failed to demonstrate that the arbitrator's award is irrational or constitutes a manifest disregard for the law."

As the district court noted, we have held that an arbitration award may be set aside if "it is completely irrational or evidences a manifest disregard for the law." *Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 674 (8th Cir. 2004) (internal quotations omitted). The "manifest disregard for the law" standard, drawn from *dicta* in two Supreme Court cases, is "extremely narrow" and has been characterized as "a doctrine of last resort" reserved for "those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent, but where none of the provisions of the FAA apply." *St. John's Mercy Medical Center v. Delfino*, 414 F.3d 882, 884 & n.1 (8th Cir. 2005) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)). We have said that "manifest disregard for the law" requires proof "that the arbitrators were fully aware of the existence of a clearly defined governing legal principle, but refused to apply it, in effect, ignoring it." *Stark v. Sanberg, Phoenix, & Von Gontard, P.C.*, 381 F.3d 793, 802 (8th Cir. 2004) (quoting *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003)).

In a brief that is bereft of discussion concerning the limited scope of review applicable to an arbitrator's award, Zotec contends that the arbitrator (and the district court) erred in failing to conclude that MX breached representations and warranties of the contract or that MX committed actionable fraud by withholding material information from Zotec. Even if the arbitrator made erroneous factual findings, of course, that would not establish manifest disregard for the law under the stringent standard set forth above. Having reviewed the record with care, and in light of the applicable standard of review, we conclude that MX's application to confirm the

arbitration award was properly granted for the reasons stated by the district court.  The judgment of the district court is therefore affirmed.  *See* 8th Cir. R. 47B.

_____